WILLIAM HALL & wife *vs.* JONATHAN C. STEVENS.

A tenant in a writ of entry may give in evidence, for the purpose of disproving the de
mandant's seizin, a deed of the demanded premises, given to a third person by the
ancestor under whom the demandant claims title.

When a party's first entry upon land, and his occupation thereof, were by permission of
the owner, the legal presumption is, that his subsequent occupation was also permis-
sive, and not adverse, unless some act of his is proved which constitutes a disseizin
of the owner.

WRIT OF ENTRY to recover one undivided fifth part of two
parcels of land in Sheffield. At the trial before the chief
justice, the title relied on by the demandants was, that Stephen
Stevens, in his life time, was seized of a large tract of land in
Sheffield, of which the demanded premises were parcel ; that
he died intestate, leaving the female demandant, the tenant,
Hiram C. Stevens, William J. Stevens and Mary Sumner, his
only heirs at law. These facts were not denied by the ten-
ant ; but he relied on two grounds of defence : *First*, that
Stephen Stevens, in his life time, conveyed the demanded
premises, so that nothing passed by descent to his heirs;
*second*, that said Stephen made a parol gift of the demanded
premises to the tenant, who entered under the same, as owner,
and had the exclusive and adverse possession more than
twenty years before any conveyance made by said Stephen ;
and thus that said Stephen's right of entry was barred, and
that the tenant had a good title.

In support of the first ground of defence, the tenant offered
in evidence a deed from said Stephen to his daughter, Mary
Sumner, dated March 8th 1841, by which he conveyed, with
warranty, all his lands in Sheffield, including the demanded
premises, if they were lands then owned by him. This deed
was offered, to disprove the seizin of the demandants, and it
was objected to, on the ground that the tenant did not claim
under it. But the judge ruled that the deed was admissible,
to show that Stephen Stevens conveyed away all his estate
in the demanded premises, by a valid and sufficient deed, and
that nothing therein descended from him to his heirs. The

execution, delivery, acknowledgment and registration of said deed were then proved; and it further appeared that Mary Sumner, the grantee, had heretofore commenced a suit, for these same demanded premises, against the present tenant, which was evidence of her acceptance of the deed.

The demandants further objected, that it was incumbent on the tenant to prove, not only that a conveyance was made to Mary Sumner in 1841, but that it was a subsisting and outstanding title at the time of the death of Stephen Stevens, and at the time of the commencement of this suit. But the judge ruled, that if a good and valid conveyance was made to Mary Sumner in 1841, and accepted by her, by which she became seized in fee, the presumption in law was, that she continued so seized to the time of the commencement of this action, if nothing was shown to the contrary. No evidence to the contrary was offered.

The demandants, to avoid the effect of said deed to Mary Sumner, offered in evidence a judgment of this court, at September term 1843, in a suit by Mary Sumner against the present tenant, to recover the two parcels of land demanded in this action; which judgment was in favor of the tenant. (See 6 Met. 337.) This judgment was relied on as showing that nothing passed by the aforesaid deed to Mary Sumner. The demandants, also, with a view to prove that the said judgment did not necessarily show a good title in the tenant, by parol and the statute of limitations, and that it might have passed on other grounds, offered parol evidence to show that the ground stated in the report of the case, in 6 Met. 337, was not the only ground of defence, but that there were two other grounds, which, as they were not the ultimate grounds of decision, do not appear in the report, nor on the record. Whereupon, Hiram C. Stevens testified, that he was present at the trial of the case of *Sumner* v. *Stevens*, before Judge Wilde; that the first ground of defence was, that Jonathan C. Stevens had a deed of the premises from his father, which was lost; but that the judge decided that, as he had not made oath to the loss of the deed, secondary evidence of it could

not be admitted: That the second ground of defence was a parol gift by his father, an entry under it, and an adverse and exclusive possession more than twenty years: That the third ground of defence was, that Jonathan C. Stevens was in possession when the deed was made to Mary Sumner, and therefore nothing passed by it ; and that it was decided that if said Jonathan C., or any other person, was in adverse possession, claiming title, when said deed was made, no estate passed by it.

The parties went into evidence, to show the nature and length of Jonathan C.'s occupation — the demandants, to prove that it was permissive only, as tenant at will ; and the tenant, to show that it was under a parol gift, in pursuance of which he had entered as owner, and had adverse and exclusive possession more than twenty years. The evidence tended to show that the occupation of said Jonathan C., whether adverse or permissive, had continued more than twenty years, having commenced in the year 1816.

The judge, not deeming it necessary to decide whether said occupation was adverse or permissive, proposed to instruct the jury as follows: If Stephen Stevens, twenty years or more before the 8th of March 1841, did, by parol, give the demanded premises to his son, the present tenant, to have as his own, and he entered as owner, and held adverse and exclusive possession, then he had a good title, as against his father ; and if the estate in question did not pass by his deed to Mary Sumner, it was because he did not own it, and therefore it did not descend to his heirs, and the female demandant took no title as heir. But if Stephen Stevens had not given the lots to his said son, but permitted him to have the use and occupation of them, then he was a tenant at will, and not a disseizor ; his possession, as such tenant at will, did not prevent the grantor from conveying his estate ; the estate did pass, by his deed to Mary Sumner, and no interest or right remained to descend to his heirs ; and, in either case, the demandants were not entitled.

It was suggested by the demandants, to avoid this dilemma,

that if the original entry and occupation of said Jonathan C. were permissive, and he held as tenant at will, yet if, within twenty years, he had disseized his father, no estate would pass by the father's deed to Mary Sumner, but a right of entry would remain in him, which might descend to his heirs, and would be sufficient to maintain this action. The judge, being of this opinion, proposed to rule accordingly. But as this was a question of fact, the judge proposed to instruct the jury, that the presumption was, that if the entry and occupation were originally permissive, they continued to be permissive, unless the contrary was shown by proof of some act to change that relation and constitute a disseizin; and therefore that it was incumbent on the demandants to prove such change of relations and disseizin.

The demandants declined going to the jury upon this question, and consented that a verdict should be entered for the tenant, subject to the opinion of the whole court upon the foregoing decisions.

*Bishop*, for the demandants.

*Porter*, for the tenant.

WILDE, J. At the trial of this case, several exceptions were taken to the rulings of the court, none of which appear to be well founded. The demandants claim title under Stephen Stevens, deceased, the female demandant being one of his heirs at law.

The first ground of defence was, that said Stephen had conveyed the demanded premises to his daughter, Mary Sumner, and consequently, that no title descended to his heirs. It was objected that a party cannot be allowed to show a title in a third person, unless he claims under it; and this general principle is admitted. But it is not applicable to a case where a demandant fails to prove his seizin, or the seizin of his ancestor. Any evidence, therefore, which disproves the seizin of the demandant, is admissible on the part of the tenant. Jackson on Real Actions, 5. *King* v. *Barns*, 13 Pick. 24. On this ground, the deed of Stephen Stevens to Mary Sumner was admitted in evidence; and for this purpose it was un-

doubtedly admissible, and was conclusive proof that his title did not descend to his heirs, unless, after the conveyance, he had acquired a new title — which the demandants did not attempt to show. But they attempted to show that, at the time when the deed to Mary Sumner was given, the said Stephen was disseized by the tenant, and so nothing passed by that deed. It was thereupon ruled, that if the tenant had so disseized the said Stephen, and had continued his adverse possession for twenty years or more, that would give to the tenant a good title, or would bar the demandants' title, by the statute of limitations; and this ruling was undoubtedly correct. So that whether said Stephen, when he conveyed the premises to Mary Sumner, was seized or disseized, the demandants' title fails. If he was seized, the estate passed to Mary Sumner; and if not, the tenant's adverse possession would be a good bar.

It was argued by the counsel for the demandants, that the deed to Mary Sumner was given within the time of limitation, and that, although said Stephen was then disseized, it did not follow that the disseizin had commenced and continued for twenty years before the commencement of the present action. But this was a question for the jury, which the demandants declined to submit to them. The only ruling touching this point was, that if the entry of the tenant was proved to have been permissive, it was incumbent on the demandants to prove that afterwards the tenant did some act which would constitute a disseizin; the presumption being, that if his first entry was permissive, his possession so continued, unless the contrary was made to appear. The correctness of this ruling cannot be doubted.

In every respect, therefore, we are of opinion that the rulings at the trial were correct, and that the tenant is entitled to.

*Judgment on the verdict.*